# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## No. 24-CV-380

| | |
|---|---|
| C.M., *a minor, through his parents*, LEAH MCGHEE AND CHAD MCGHEE,<br><br>Plaintiff,<br><br>v.<br><br>DAVIDSON COUNTY BOARD OF EDUCATION; *and* ERIC R. ANDERSON, *in his individual capacity*,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br><br>**ORAL ARGUMENT REQUESTED PURSUANT TO LR 65.1(b)** |

Plaintiff C.M., a minor, through his parents, Leah McGhee and Chad McGhee, files this motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) and LR 7.1, against Defendant Davidson County Board of Education (the "Board").

In support of this Motion, C.M. relies upon the: (1) Complaint, ECF No. 1, and supporting exhibits; (2) Brief pursuant to LR 7.2 filed contemporaneously with this Motion; (3) Declaration of C.M.; (4) Declaration of Leah McGhee and supporting exhibits; and the entire record in this cause.

As more fully set forth in his Brief, Plaintiff C.M. states as follows:

1

1. C.M. is a 16-year-old former student at Central Davidson High School (the "School"). The Board has control and authority over the School including setting policy.

2. A few weeks ago in April, C.M. asked his English teacher whether a reference to "aliens" during class discussion referred to "space aliens or illegal aliens who need green cards."

3. C.M.'s question did not substantially disrupt class, nor did his comment interfere with the School's work or collide with other students' rights.

4. But the School equated C.M.'s question with a vile racial slur pursuant to Board policy and suspended him for three days, out of school, without a hearing or the opportunity to appeal.

5. When C.M.'s mother Leah McGhee turned to the Board requesting reversal of his suspension since the School purported to enforce Board policy in suspending her son, the Board ignored her.

6. The Board upheld C.M.'s School suspension pursuant to its policy equating the word "aliens" with "the n word."

7. But the Board's policy has no basis in fact or law. Indeed, the word "aliens" can be traced back over 225 years to laws that Congress passed in 1798 concerning *white European immigrants*, not racial minorities. Gregory

Fehlings, *Storm on the Constitution: The First Deportation Law*, 10 Tulsa J. Comp. & Int'l L. 63, 69 (2002) (emphasis added).

8. And to this day, courts including this Court use the term as a benign legal phrase in judicial opinions. *See e.g.*, *AT by HT v. Univ. of N.C.*, No. 1:16-CV-489, 2016 WL 10586289, at *1 n.1 (M.D.N.C. Jul. 7, 2016) (Eagles, J.).

9. The Board violated C.M.'s rights in at least two ways.

10. *First*, the School's Assistant Principal deprived C.M. of his First Amendment free-speech rights when he enforced Board policy and suspended C.M, who simply asked his teacher a question in class that was factual and nonthreatening. *See Starbuck v. Williamsburg James City County School Bd.*, 28 F.4th 529, 536-37 (4th Cir. 2022).

11. And C.M.'s question did not interfere with the School's work or collide with other students' rights. *See Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 508 (1969).

12. *Second*, the Board denied C.M. his Fourteenth Amendment due process rights when it denied him notice and a hearing related to his suspension. C.M. has a protected liberty interest in his reputation, and a property interest in education under North Carolina law. But the Board failed to give him notice of what words were prohibited in class because its policy on "racially insensitive" speech is unduly vague.

3

13. The Board's constitutional deprivations injured C.M. and are continuous and ongoing.

14. The suspension documents placed in his School record falsely declare that his comment was "racially" motivated and insensitive.

15. Therefore, a preliminary injunction is warranted to restore the parties to their respective positions before C.M.'s suspension from School. C.M. requests that the Court issue a preliminary injunction.

16. Moreover, C.M. requests that the Court exercise its discretion and waive the bond requirement under Rule 65(c). *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 (4th Cir. 1999).

17. Additionally, pursuant to LR 65.1(b), C.M. requests leave to present oral argument in support of his Motion.

## REQUEST FOR RELIEF

WHEREFORE, C.M. respectfully requests a preliminary injunction on or before **August 1, 2024**, so his family may adequately plan to reenroll him for the new School year beginning on August 26, ordering the Board and all parties acting in concert with it, to (a) reverse his suspension, (b) remove the Suspension Notification from his record, (c) remove unexcused absences from his record related to his suspension, (d) remove all references from his record that he used "racially" motivated, inappropriate, or insensitive language in

4

class, and (e) enjoin the Board from enforcing its unduly vague speech policy as it and the School have applied it against C.M.

Dated: June 4, 2024

Respectfully submitted,

/s/ Troy D. Shelton
Troy D. Shelton
N.C. State Bar No. 48070
tshelton@dowlingfirm.com
Craig D. Schauer
N.C. State Bar No. 41571
cshelton@dowlingfirm.com
DOWLING PLLC
3801 Lake Boone Trail, Suite 260
Raleigh, North Carolina 27607
Telephone: (919) 529-3351


M.E. Buck Dougherty III*
Dean McGee*
James McQuaid*
LIBERTY JUSTICE CENTER
13341 W. U.S. Highway 290, Bldg. 2
Austin, Texas 78737
(512) 481-4400 - telephone
bdougherty@libertyjusticecenter.org
dmcgee@libertyjusticecenter.org
jmcquaid@libertyjusticecenter.org

*Pro hac vice admission forthcoming*

*Attorneys for Plaintiff C. M.*

5

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all Defendants by sending through the United States mail to the Defendants, addressed as follows:

Alan Beck
Chairman, Davidson County Board of Education
250 County School Road
Lexington, North Carolina 27292

Eric R. Anderson
2747 NC Hwy. 47
Lexington, NC 27292


The 4th day of June, 2024.

/s/ Troy D. Shelton
Troy D. Shelton

6

Case 1:24-cv-00380-LCB-LPA   Document 5   Filed 06/04/24   Page 6 of 6