# Exhibit A

# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims (the "Agreement") is made and entered into as of this [date] day of [month], 2025, by and between Christian McGhee, a minor, by and through his parents Leah McGhee and Chad McGhee and Leah McGhee and Chad McGhee, individually (collectively "Releasors") and Davidson County Board of Education and Eric R. Anderson (collectively "Defendants"). Releasors and Defendants are sometimes referred to herein either individually or collectively as "Party" or "Parties" respectively.

## WITNESSETH

WHEREAS, suit was filed against Defendants in the United States District Court for the Middle District of North Carolina styled C.M., a minor, through his parents, LEAH MCGHEE and CHAD MCGHEE, Plaintiff, v. DAVIDSON COUNTY BOARD OF EDUCATION; and ERIC R. ANDERSON, in his individual capacity, No. 24-CV-380 ("Lawsuit") arising out of an incident involving the minor Plaintiff and another student that resulted in discipline of the minor Plaintiff by Defendants; and,

WHEREAS, the Parties now desire to fully and finally compromise and settle any and all matters in dispute between them, and all related persons and entities as identified in Paragraph 5 entitled "Release" below, related to the Litigation including but not limited to statements published by a member or members of the Davidson County Board of Education, pursuant to the terms of this Agreement;

**NOW THEREFORE**, in consideration of the foregoing, the mutual promises contained herein, the payment, and other good and valuable consideration, the sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Conditions Precedent.**

   The Parties ~~have agreed that the member of the Davidson County Board of Education will apologize for the statements published by said member of the Davidson County Board of Education with the general parameters of that apology being described in an email from counsel for Defendants to counsel for Releasors dated Wednesday February 19, 2025. Said apology to take place via teams or zoom call with attorneys present. The parties agree that the apology will not be recorded, is confidential and is specifically subject to the confidentiality restrictions described herein, and in the prior agreement regarding confidentiality of settlement discussions. The Parties agree that the apology will only proceed, and this condition precedent will only be deemed satisfied, if each participant has a sufficiently stable audio and video connection to allow for meaningful face-to-face interaction between the Board member and the Releasors through zoom or teams.~~

   ~~Further, the Parties~~ agree that the Court must approve the settlement of this Lawsuit before execution of this Agreement and fulfillment of the covenants and promises made herein.

2. **Settlement Payment.**

   Defendants, by and through their insurance carrier, in exchange for the releases and the express representations set forth in this Agreement, agree to pay Releasors the total amount of TWENTY-THOUSAND DOLLARS ($20,000.00) ("Settlement Payment") to fully, finally and completely resolve the Litigation, including all claims that are or might have been the subject matter of the Litigation, whether known or unknown at the time of this Agreement including but not limited to any claims against any other Defendants or persons released in Paragraph 5 entitled "Release" below for any claims arising prior to the date of the execution of this Agreement.

   A. **Execution of this Agreement.** Following the hearing before the Court for the purpose of obtaining Court approval of the settlement described in this Agreement, the Parties will execute the Agreement either at the hearing, if attending in person, or within 5 days thereof.

   B. **Payment Instructions.** Upon execution of this Agreement, Defendant Davidson County Board of Education will provide a check from its insurer at the Court hearing for approval described above or within 5 days via federal express to the address provided by Releasors. That check will be made payable as follows:

   Leah and Chad McGhee
   2257 Smith Farm Road
   Thomasville, NC 27360

3. **Educational Record**.

Defendant Davidson County Board of Education agrees to remove any reference in C.M's student records that the motive for the incident described in the Lawsuit as being related to race or arising from racial bias. This includes but is not limited to the reference that the comments were "racially insensitive." However, because Defendants maintain there was class disruption caused by the comments at issue, the suspension will remain otherwise unchanged pursuant to Rules of Discipline 6.11.1.

4. **Joint Statement**.

   The Parties agree that the following statement will be provided to any third party seeking a comment on the Litigation:

   **The Parties in C.M. v. Davidson County Board of Education are pleased to announce a settlement that will allow the family, our schools, and our community to move forward from this incident.**

   **While the Board maintains that the disciplinary action imposed was appropriate due to class disruption caused by the comments at issue, the Board apologizes for**

**the mischaracterization of racial bias arising from Christian's comments and will remove any reference to race or racial bias as a motive for the comments from his educational record, which contains no other incidences of discipline related to racial bias. The Board also acknowledges the inappropriate response to this matter by a ~~sitting~~ former member. ~~That member has taken accountability for their actions and has privately apologized to the family.~~**

**The McGhees are grateful for the steps taken by the Board to correct Christian's school record, ensuring that he can continue his education without this incident hanging over him.**

5. **Release.**

   For and in consideration of the Settlement Payment in this Agreement, and other good and valuable consideration, and upon the full execution of the Agreement, Releasors and Defendants, on behalf of themselves and on behalf of all their heirs, executors, beneficiaries, administrators and representatives, hereby unconditionally release and forever discharge each other, including all of their former or current Board members, employees, representatives, insurers, and any and all insurance carriers, attorneys, successors, assigns, subrogees and agents from any and all rights, claims, liens, and liabilities, demands and damages of any kind and nature both in law and in equity, known or unknown, patent or latent, direct or indirect, fixed or contingent, existing or arising in the future or which could have been raised, resulting from the Lawsuit and other claims, or potential claims, that may exist between the Parties or against any of the persons released as described in this Paragraph up until the date of the execution of this Agreement.

6. **No Additional Admissions of Fault/Liability.**

   Other than as expressly reflected herein, the terms and conditions of this Agreement are not to be construed as an admission of liability or wrongdoing by the Parties, and all such liability is expressly denied. This Agreement is entered as a cost-effective alternative to costly legal proceedings and to buy the Parties' finality and peace.

7. **Express Waiver.**

   The Parties agree that this Agreement shall apply to all unknown and unanticipated injuries and damages directly and indirectly resulting from the Lawsuit and any other claims, or potential claims, against any persons released in Paragraph 5 entitled "Release, as well as those now known or disclosed. By this Agreement, it is the express intention of the Parties to waive all rights or benefits which they now have or in the future may acquire under any law, statute or judicial decision that provides that a general release does not extend to claims not known or suspected to exist at the time of executing a release.

8. **Dismissal with Prejudice.**

Within seven (7) days of the Court's approval of the settlement described in this Agreement, the Parties shall cause to be filed a Dismissal with Prejudice, in a form agreeable to the Parties, and which will dismiss any and all claims asserted by any party in the Litigation. The Parties shall not file a Dismissal with Prejudice as set forth herein if the Court includes in its order approving settlement that the Lawsuit is dismissed with prejudice.

9. **Covenant Not to Sue.**

The Parties agrees that, to the full extent this provision is permissible and enforceable under applicable law, the Parties will not institute any legal or administrative proceedings against each other or any person released in Paragraph 5 herein entitled "Release" as to any matter based upon, arising out of, or related to the Lawsuit or the matters otherwise released herein. In the event any person or entity should institute any legal or administrative proceedings on the Parties' behalf that are subject to this covenant, the Parties hereby waive and forfeit any right to recover under said claim and will exercise every good faith effort to have such claim dismissed. Notwithstanding anything herein to the contrary, this provision shall not apply to claims for breach of this Agreement or claims arising out of acts or omissions that occur after the execution of this Agreement.

10. **Satisfaction of Liens and Medical Expenses / Medicare Interest.**

Releasors further understand and agree that they shall be responsible for the payment of all past, present, and future medical, hospital, healthcare, Medicare, Medicaid, insurance carrier, medical service organization, mental healthcare, and any other fees or expenses arising from and in connection with any matters related to the Litigation, regardless of whether any of said fees and expenses were submitted to the Defendants for payment.

Releasors expressly agree that they will satisfy any and all applicable liens set forth in N.C. Gen. Stat. § 44-49, *et seq.,* N.C. Gen. Stat. § 108A-57, *et seq.,* N.C. Gen. Stat. § 135-40.l3A, (as applicable) or any other lien, reimbursement right, or claim asserted by any Federal, State, and/or local government agency or insurer thereof, or by any other governmental or private entity or person of any kind whatsoever, including but not limited to Medicare, Medicaid, SSDI, HMO, PPO, health care provider, hospital, or any other lien, reimbursement right, or any claim, including, but not limited to, any subrogation claim, to any proceeds paid pursuant to this Agreement.

Releasors specifically represent that Medicare has not made any payments for Releasor's' claimed injuries or damages arising from the Litigation/Dispute.

The parties have considered Medicare's interests to any settlement funds and the Medicare Secondary Payor Act and have considered the need for any Medicare set-aside. The Releasor represent and affirm, and thereby the Parties have determined, that no Medicare set-aside is required for this matter as the Releasor have completed all treatment and no

4911-4764-5509, v. 1  Page **4** of **11**

Case 1:24-cv-00380-TDS-LPA   Document 57   Filed 06/30/25   Page 5 of 12

further treatment has been recommended or is necessary regarding the Releasorss injuries that were asserted to have arisen out of the Litigation/Dispute, and therefore no payments or compensation for future medical expenses will arise as a result of this Litigation/Dispute.

In the event Medicare, or any other lien holder or medical provider is owed additional monies, the Releasors agree to personally satisfy those amounts and to indemnify and hold harmless the Defendants. Releasors agree to indemnify and hold harmless the Defendants, and all the released persons and entities as set forth above and any and all others released, against any lien claims by Medicare and/or its contractor MSPRC or CMS, or SSDI, or any other lien, reimbursement right, set aside, or claim as to the settlement proceeds, and from any costs, expenses, attorney fees, claims, actions, judgments, or settlements resulting from the assertion or enforcement of such lien, reimbursement right, set aside, or claim by any entity or person having such lien, reimbursement right, set aside, or claim.

Releasors understand that should CMS find that Medicare's interests were not adequately protected in this settlement, then CMS may require the Releasors to expend up to the entire settlement amount on Medicare covered expenses related to the injuries sustained in the Lawsuit , before Medicare will provide coverage for the injuries. The Releasors voluntarily accept this risk and waives any and all claims of any nature and/or damages against the Defendants should Medicare take such action.

Releasors specifically agrees to indemnify, defend and hold the Defendants harmless from any action by Medicare seeking payment of past, current or future medical expenses for the Releasors. The Releasors also agree to indemnify and hold harmless the Defendants for and from any and all claims, any expenses, and attorney's fees relating to any expenses covered or paid by Medicare for treatment related to the injuries which are the subject of this Agreement. The Releasors shall further hold the Defendants harmless from any and all adverse consequences in the event this settlement results in the loss of his right to Social Security, Social Security Disability benefits, and/or Medicare benefits to the extent the Releasors would have been entitled to such benefits in the absence of this Agreement.

11. **<u>Attorneys' Fees, Costs and Expenses.</u>**

    The Parties shall be responsible for their respective attorneys' fees and costs and expenses incurred in this matter.

12. **<u>No warranties.</u>**

    The Parties expressly warrant that no promise or inducement has been offered except as set forth herein, and that this Agreement is not executed in reliance upon any other statement or representation of any person or Party, or their representatives. This document sets forth the entire consideration of and for the Agreement, which consideration is contractual and not a mere recital. The parties acknowledge that they have read and reviewed this Agreement, and that this Agreement constitutes a full, final, and complete settlement of the Litigation. Neither party is relying on the advice of the other concerning the legal or tax consequences of this Agreement and this Agreement is not contingent upon

any favorable tax determination. The Parties release and hold each other harmless from any claim of any kind, which may be asserted because of any unforeseen tax consequences of this Agreement.

13. **Confidentiality.**

In exchange for other good and valuable consideration, the sufficiency of which is expressly acknowledged, and except as to the agreed upon joint statement identified in Paragraph 4 herein entitled "Joint Statement", The Parties and their counsel agree that they shall keep strictly confidential the amount and terms of this settlement and agree that from the date of this Agreement forward they will not disclose the negotiations of the settlement or the confidential amount and/or the terms of this Agreement; except insofar as disclosure of such information is reasonably required for legal, tax, investment, or financial planning purposes. The Parties and their counsel also agree that they will not have discussions or communications, of any type, with any newspaper, magazine, publication, online news outlet, television program, or other media or electronic source (collectively referred to as "the media") concerning the settlement negotiations or the amount or the terms of this Agreement, except that the Parties and their counsel may acknowledge the non-confidential terms of the settlement agreement as reflected in the Joint Statement in Paragraph 4. The Parties and their counsel further agree that, except for the non-confidential terms of the settlement agreement as reflected in the Joint Statement in Paragraph 4, they will only disclose the amount and/or the terms of this Agreement as necessary to the other limited scope of individuals referenced herein – namely, legal, tax, investment or financial planning individuals whose services are reasonably required.

Further, the Parties, for other good and valuable consideration, the sufficiency of which is expressly acknowledged agree that the Confidential Disclosure Agreement which they have previously entered remains in full force and effect after the execution of this Agreement. However, the Parties also agree to waive and release all claims for breach of the Confidential Disclosure Agreement up to the date and time of the execution of this Agreement.

14. **No Assignment.**

The Parties agree that no Party may assign the rights and obligations provided for herein without the prior written consent of the other party. The Parties further covenant and agree that each has not assigned, transferred, or conveyed in any manner all or any part of its legal claims or legal rights in connection with the Litigation, and/or the matters described above.

15. **Successors in Interest.**

This Agreement shall be binding upon, and shall inure to the benefit of, the Parties and each of their heirs, predecessors, successors, assigns (if applicable), parent or subsidiary companies of any degree, affiliates, agents, insurers, members, officers, directors,

employees, legal representatives, and any other persons or entities acting on their behalf or claiming through or under them or any of them.

16. **Governing Law.**

This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of North Carolina, without giving effect to any choice or conflict of law provision or rule.

17. **Authority.**

The parties represent and warrant that they have taken all actions and obtained all authorizations, consents, and approvals as are conditions precedent to their authority to execute this Agreement. The parties further represent and warrant that they are fully entitled to give a full and complete release of all such claims and causes of action related to this Litigation or as otherwise released herein.

18. **Enforcement Attorneys' Fees.**

In the event that any claim, action, lawsuit, arbitration, or other proceeding is brought with respect to interpretation and/or enforcement of this Agreement, the prevailing party shall be entitled to recover attorneys' fees incurred in connection therewith.

19. **Good Faith Cooperation.**

Each of the parties agree that they will take any and all necessary steps, sign and execute any and all necessary documents, agreements or instruments which are required to implement the terms of this Agreement and each will refrain from taking any action, either expressly or impliedly, which would have the effect of prohibiting or hindering the performance of the other parties to this Agreement.

20. **Agreement Jointly Drafted.**

This Agreement shall be deemed to have been drafted jointly by the parties. Accordingly, the parties agree that to the extent any of the language, terms, or provisions of this Agreement should be deemed to be uncertain or ambiguous, any rule that requires interpretation of such uncertainty or ambiguity against the party who caused the uncertainty or ambiguity to exist shall not be applicable.

21. **Amendments.**

The parties agree that this Agreement may be modified only by a writing signed by all parties and that any oral agreements are not binding until reduced to writing and signed by the parties.

## 22. Entire Agreement.

This Agreement contains all the terms and conditions of and is the entire understanding of the parties with regard to, the settlement of the Litigation/Dispute. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, shall be deemed in any way to exist or bind any of the parties. No change or modification to this Agreement shall be binding on any party unless it is in writing and executed by the parties.

## 23. Binding Agreement.

The parties acknowledge and agree that they have carefully read and fully understand each provision of this Agreement and have had the opportunity to have this Agreement reviewed by counsel of their choosing. The parties understand that the terms and conditions of this Agreement are contractual and binding.

## 24. Severability.

The parties agree that if any provision of this Agreement should become invalid, void or otherwise unenforceable, such provision shall be deemed to be severed, rescinded or modified in accordance with any such law. In all other respects, the parties to this Agreement agree that the other remaining provisions of this Agreement shall continue and remain in full force and effect and shall in no way be affected, impaired or invalidated.

## 25. Counterparts.

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A photocopy, Portable Document Format ("PDF") copy, or facsimile copy of this Agreement shall have the same force and effect as the original copy of this Agreement.

[Signature Pages Below]

**IN WITNESS WHEREOF, I hereby execute this Agreement of my own free act, effective on the day and year set forth above.**

**RELEASOR** : _____ Dated: _____
 LEAH McGHEE
By: (Print name) _____
Title: _____

[Notary]
STATE OF NORTH CAROLINA
COUNTY OF _____.

On the \_\_\_\_ day of _____, \_\_\_\_, before me, _____, Notary Public, then personally appeared Leah McGhee, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, who executed the foregoing and duly acknowledged to me that it/she/he had read the Agreement and fully understood its contents and freely executed the same voluntarily for the sole consideration therein expressed.

WITNESS my hand and official seal,


Notary Public
My Commission Expires:

**RELEASOR** : _____ Dated: _____
 CHAD McGHEE
By: (Print name) _____
Title: _____

[Notary]
STATE OF NORTH CAROLINA
COUNTY OF _____.

On the \_\_\_\_ day of _____, \_\_\_\_, before me, _____, Notary Public, then personally appeared Chad McGhee, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, who executed the foregoing and duly acknowledged to me that it/she/he had read the Agreement and fully understood its contents and freely executed the same voluntarily for the sole consideration therein expressed.

WITNESS my hand and official seal,


Notary Public
My Commission Expires:

APPROVED AS TO FORM, AND CONTENT AND AGREEING TO BE BOUND BY THE CONFIDENTIALITY PROVISIONS:

Releasor's Counsel Firm: Dowling PLLC/Liberty Justice Center
Signature: _____ Date:_____

**IN WITNESS WHEREOF, I hereby execute this Agreement of my own free act, effective on the day and year set forth above.**

**DEFENDANT**: _____ Dated: _____
NICK JARVIS, on behalf of the Davidson County Board of Education
By: (Print name) _____
Title: Chairperson of the Davidson County Board of Education


<span style="color:red">[Notary]</span>
STATE OF NORTH CAROLINA
COUNTY OF _____.

On the ____ day of _____, ____, before me, _____, Notary Public, then personally appeared Nick Jarvis, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, who executed the foregoing and duly acknowledged to me that it/she/he had read the Agreement and fully understood its contents and freely executed the same voluntarily for the sole consideration therein expressed.

WITNESS my hand and official seal,


Notary Public
My Commission Expires:

**IN WITNESS WHEREOF, I hereby execute this Agreement of my own free act, effective on the day and year set forth above.**

**DEFENDANT**: _____ Dated: _____
ERIC R. ANDERSON
By: (Print name) _____
Title: Assistant Principal


<span style="color:red">[Notary]</span>
STATE OF NORTH CAROLINA
COUNTY OF _____.

On the \_\_\_\_ day of _____, \_\_\_\_, before me, _____, Notary Public, then personally appeared Eric R. Anderson, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, who executed the foregoing and duly acknowledged to me that it/she/he had read the Agreement and fully understood its contents and freely executed the same voluntarily for the sole consideration therein expressed.

WITNESS my hand and official seal,


Notary Public
My Commission Expires:


APPROVED AS TO FORM, AND CONTENT AND AGREEING TO BE BOUND BY THE CONFIDENTIALITY PROVISIONS:

Defendants' Counsel Firm: Cranfill Sumner LLP
Signature: _____Date:_____