IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

C.M., a minor, through his          )
parents, LEAH McGHEE and CHAD       )
McGHEE,                             )
                                    )
                Plaintiff,          )
                                    )
        v.                          )          1:24cv380
                                    )
DAVIDSON COUNTY SCHOOL              )
DISTRICT BOARD OF EDUCATION,        )
and ERIC R. ANDERSON, in his        )
individual capacity,                )
                                    )
                Defendants.         )

## ORDER

Plaintiff C.M., a minor child, brought this action through his parents, Leah and Chad McGhee.  The parties have reached a mutually agreeable settlement, and the case is before the court on Plaintiff's motion for settlement approval and supplemental motion for settlement approval.  (Docs. 50, 55.)  The court held a fairness hearing on the proposed settlement, as required by Local Rule 17.1(c), on July 1, 2025.  C.M., Leah McGhee, and Chad McGhee were present at the hearing, along with counsel for the parties. Because the case presents a federal question, the court possesses subject matter jurisdiction over the case.  28 U.S.C. § 1331.

The court finds that C.M. was a minor at the time of the events that are the subject of this action.  His parents, Leah and Chad McGhee, brought the action on his behalf.  C.M., through his

parents, asserts claims for deprivation of his rights secured by the First and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983, and for a violation of his right to free speech under the North Carolina Constitution. (Doc. 1.)

The proposed revised settlement agreement provides C.M. a public apology from the Davidson County Board of Education for a "mischaracterization of racial bias arising from [C.M.]'s comments," correction of C.M.'s school records, the Board's "acknowledge[ment] [of] the inappropriate response to this matter by a former member," and monetary compensation of $20,000. (Doc. 57 at 3-4.) In exchange, Plaintiff has agreed to release any and all claims against the Defendants, and the parties have agreed to pay their own attorneys' fees and costs. (Id. at 2-4, 6.) The agreement specifies that its terms "are not to be construed as an admission of liability or wrongdoing" by either party and that the settlement "is entered as a cost-effective alternative to costly legal proceedings." (Id. at 4.) Although the parties initially moved to seal the revised settlement agreement, (Docs. 55, 56), they have since withdrawn any request to seal any version of their settlement. (Doc. 58.)

C.M.'s parents and their counsel believe that the settlement offer is fair and reasonable and that accepting the offer is in C.M's best interest. Having reviewed the revised proposed

settlement agreement and for the reasons stated at the July 1, 2025 hearing, the court finds that the proposed settlement is fair, reasonable, and in the best interests of C.M. The court further finds that there is no just reason to delay settlement between the parties. Accordingly, the court approves the settlement agreement.

WHEREFORE, pursuant to Plaintiff's motion and supplemental motion for settlement approval (Docs. 50, 55),

IT IS ORDERED that the motions are GRANTED and the proposed settlement agreement (Doc. 57) is approved as fair, reasonable, and in the best interests of C.M.

IT IS FURTHER ORDERED that Defendant Davidson County Board of Education shall pay the settlement funds to Leah and Chad McGhee, as parents of C.M., as provided in the settlement agreement.

IT IS FURTHER ORDERED that the revised proposed settlement agreement (Doc. 57) shall be UNSEALED.

IT IS FURTHER ORDERED that the parties shall promptly file notice once the settlement agreement has been executed and the funds disbursed, after which the complaint (Doc. 1) will be dismissed with prejudice.

IT IS FURTHER ORDERED that upon execution of the settlement agreement and disbursement of funds, Plaintiff's motion for preliminary injunction (Doc. 5) and Defendants' motion to dismiss (Doc. 18) will be DENIED AS MOOT.

/s/    Thomas D. Schroeder
                                        United States District Judge
July 22, 2025